**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MASSARELLI'S LAWN ORNAMENTS, INC. a New Jersey Corporation | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-3685 |
| THE TJX COMPANIES, INC., a Delaware Corporation, | ) ) ) | |
| HOMEGOODS, INC., a Delaware corporation, | ) ) ) | |
| and | ) ) | |
| CONTINENTAL STUDIOS, INC. an Illinois corporation | ) ) ) | JURY TRIAL DEMANDED |
| Defendants, | ) ) | |

**COMPLAINT**

COMES NOW Massarelli's Lawn Ornaments, Inc. ("MLO" or "Plaintiff"), and for its cause of action of copyright infringement and removal of copyright management information alleges as follows:

**NATURE OF THE CASE**

1.      This is an action arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

2.      Plaintiff will shortly seek (unless there is a stipulation to such by the Defendants) a temporary restraining order and preliminary injunction prohibiting further sales of the infringing items and impoundment of those items, and also seeks compensatory, treble, and/or statutory

1

damages; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and proper.

## PARTIES

3. MLO is a New Jersey corporation having an office and place of business at 500 South Egg Harbor Road, Hammonton, New Jersey 08037.

4. Defendant The TJX Companies, Inc. ("TJX Companies") is a corporation organized and existing under the laws of Delaware with its principal place of business located at 770 Cochituate Rd., Framingham, Massachusetts 01701.

5. Defendant HomeGoods, Inc. ("HomeGoods") is a corporation organized and existing under the laws of Delaware with its principal place of business located at 770 Cochituate Rd., Framingham, Massachusetts 01701. Upon information and belief, HomeGoods is a wholly-owned subsidiary of TJX Companies.

6. Upon information and belief, TJX Companies, on its own behalf and through certain of its subsidiaries, which TJX Companies refers to as "chains," including HomeGoods, operates off-price apparel and home fashions retailers in the United States.

7. Upon information and belief, TJX Companies, either on its own behalf or through its chain, HomeGoods, owns or operates a number of "HomeGoods" stores. "HomeGoods" stores are discount retail stores specializing in home fashions sold at prices generally 20%-60% below department and specialty store regular prices.

8. Upon information and belief, TJX Companies has the right and ability to supervise and control the operations of HomeGoods and stands to gain a direct financial benefit from the operations of HomeGoods. TJX Companies and HomeGoods will hereinafter be referred to as "TJX."

9.     Defendant Continental Studios, Inc. ("Continental") (collectively, with TJX, "Defendants") is a corporation organized and existing under the laws of Illinois with its principal place of business located at 1300 S. Kostner Ave, Chicago, IL 60623.

10.    Upon information and belief, Continental is a manufacturer and distributor of outdoor and indoor decorative accessories.

11.    Continental supplies items to TJX for sale in "HomeGoods" stores.

## JURISDICTION AND VENUE

12.    Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1338 (copyright).

13.    Personal jurisdiction over Defendants in this district is appropriate as each of the Defendants have so continuously and systematically conducted business in this district so as to be at home in this district; Defendant Continental is incorporated under the laws of the state of Illinois and has its principal place of business in this judicial district; and, upon information and belief based upon ordinary business practices associated with the supply of inventory, TJX has purposefully reached out into this district and contracted, formally or informally, with Continental for the manufacture and supply of the infringing articles giving rise to the wrongful acts alleged herein and such agreement envisioned continuing and extensive contacts.

14.    Venue is proper in this district pursuant 28 U.S.C. §§ 1440(a) as all Defendants may be "found" in this judicial district for the reasons set forth above.

## GENERAL ALLEGATIONS

15.    MLO, founded in 1972, is a leader in the garden center industry servicing nearly 2,000 independent dealers in all 50 states and Canada.  Among other things, MLO manufactures and distributes fine and unique ornamental statuary products.  MLO designs and handcrafts all of

its ornamental statuary products.

16.     Generally, MLO owns all designs, including the copyrights in those designs, to its ornamental statuary products.

17.     MLO places copyright management information (generally referred to as "CMI"), such as a copyright notice, Massarelli's d/b/a "M.L.O." designator, and the publication date, on such statuary products.

### MLO's Copyrighted 8" Small Tortoise

18.     MLO is the owner of the copyright in the statuary product identified by MLO SKU# 2369, known colloquially as "8" Small Tortoise" ("MLO's Small Tortoise"). MLO's Small Tortoise is protected by at least a pending application for federal copyright registration. A true and correct copy of the pending application and representative pictures of MLO's Small Tortoise are attached hereto as Exhibit A. MLO's Small Tortoise is reproduced below:





19.    As shown, MLO's Small Tortoise contains the following CMI: "2369 © MLO 2012."

20.    MLO's Small Tortoise was first published on January 18, 2012.  Ex. A.

**MLO's Copyrighted 30" Grandessa Sitting Lion**

21.    MLO is the owner of the copyright in the statuary product identified by MLO SKU# 4022, known colloquially as "30" Grandessa Sitting Lion" ("MLO's 30" Lion").  MLO's 30" Lion is protected by federal Copyright Registration No. VA 2-032-952 ("the '952 Registration").  A true and correct copy of the '952 registration and copies of representative pictures of MLO's 30" Lion as found on MLO's website are attached hereto as Exhibit B.  MLO's 30" Lion is reproduced below:



22.     MLO's 30" Lion was first published on October 14, 2014.  Ex. B.

**MLO's Copyrighted 48" Grandessa Sitting Lion**

23.     MLO is the owner of the copyright in the statuary product identified by MLO SKU#

4023, known colloquially as "48" Grandessa Sitting Lion" ("MLO's 48" Lion").  MLO's 48" Lion

is protected by federal Copyright Registration No. VA 2-010-485 ("the '485 Registration").  A

true and correct copy of the '485 registration and copies of representative pictures of MLO's 48"

Lion as found on MLO's website are attached hereto as Exhibit C.  MLO's 48" Lion is reproduced

below:



24.     MLO's 48" Lion was first published on February 11, 2014.  Ex. C.

**MLO's Copyrighted Small Handled Basket**

25.     MLO is the owner of the copyright in the statuary product identified by MLO SKU# 6577, known colloquially as "Small Handled Basket" ("MLO's Small Basket").  MLO's Small Basket is protected by federal Copyright Registration No. VA 708-463 ("the '463 Registration").  A true and correct copy of the '463 registration and copies of representative pictures of MLO's Small Basket as found on MLO's website are attached hereto as Exhibit D.  MLO's Small Basket is reproduced below:



26.     MLO's Small Basket was first published on January 1, 1994.  Ex. D.

## <u>DEFENDANTS' WRONGFUL ACTS</u>

27.     On April 21, 2018, a representative from MLO purchased a statuette from a "HomeGoods" store that appeared to be a direct copy of MLO's Small Tortoise (the "Infringing Tortoise Statue").  A true and correct copy of the receipt from that purchase and pictures of the Infringing Tortoise Statue are attached hereto as Exhibit E.  The Infringing Tortoise Statue is depicted below:



28.     As seen below, the Infringing Tortoise Statue is identical to MLO's Small Tortoise:



**Infringing Tortoise Statue**                    **MLO's Small Tortoise**

29.     As seen below, the CMI was removed from MLO's Small Tortoise, a mold was cast from it, and the Infringing Tortoise Statue was then made from that mold directly cast from MLO's Small Tortoise:



30.     MLO's CMI was intentionally obliterated when creating the mold used to cast the Infringing Tortoise Statue:



**Infringing Tortoise Statue**                    **MLO's Small Tortoise**

31.     After MLO purchased the Infringing Tortoise Statue, MLO attempted to contact Homegoods to discuss the matter.  Eventually, MLO was given the name of Ms. Emily Bender, to discuss the matter.  Ms.  Bender's title is "Senior Attorney - Litigation & Regulatory Counsel, The TJX Companies, Inc."  On May 16, 2018, the undersigned contacted Ms. Emily Bender.  A true and correct copy of the correspondence between the parties is attached as Exhibit F.  The undersigned notified Ms. Bender of the wrongful acts alleged herein and requested that HomeGoods and each of its affiliates (1) immediately discontinue sales of the Infringing Tortoise Statue; (2) gather its existing inventory of the Infringing Tortoise Statue and ship it to counsel for MLO; (3) immediately (and prior to contacting the supplier regarding this issue) provide the best contact information for the supplier of the Infringing Tortoise Statue; and (4) provide the total sales volume and profits derived from sales of the Infringing Tortoise Statue.  Ex. F at p. 4.

32.     On May 17, 2018, counsel for TJX responded and indicated that HomeGoods would investigate the matter.  Ex. F at pp. 3–4.  Counsel for TJX also requested a price ticket or sales receipt for the Infringing Tortoise Statue.  *Id.*

33.     Later that day, the undersigned provided images showing the receipt for the purchase of the Infringing Tortoise Statue and a photograph showing the HomeGoods' price sticker.  *Id.* at p. 3.

34.     On May 18, 2018, the undersigned sent a follow up email informing Ms. Bender, as a courtesy, that if MLO did not receive the information and assurances requested by the end of the day, MLO would be filing suit on Monday, May 21, 2018, seeking a temporary restraining order, preliminary injunction, and expedited discovery (along with other forms of relief).  *Id.* at p. 2.

35.     Shortly thereafter, Ms. Bender sent a reply email stating that "[w]e are actively

-10-

looking into this matter, however I must respectfully request an extension of time to respond. I expect that we will have more information to provide you early next week." *Id.*

36.     On May 21, 2018, Larry C. Jones Esq. contacted the undersigned and stated that he represented TJX Companies and its subsidiaries. A true and correct copy of the May 21, 2018 email is attached hereto as Exhibit G. Mr. Jones also stated that "TJX acquired a small number of the [Infringing Tortoise Statue] from" Defendant Continental. Ex. G at p. 1. Mr. Jones also stated that "TJX, without admitting any liability or obligation to do so, and while reserving all of its rights and defenses, is voluntarily instructing its HomeGoods stores to pull any unsold units of the [Infringing Tortoise Statue] from their sales floors." *Id.*

37.     Upon MLO's further investigation of Defendant Continental's website and online catalog, it appears as though a number of Continental's products are direct copies of MLO's copyrighted works.

38.     Two items advertised on Defendant Continental's website appear to be replicas of MLO's 30" Lion and MLO's 48" Lion. True and correct copies of pictures of these infringing lions, as advertised on Continental's website, are attached hereto as Exhibit H. As seen, one of the lions is advertised as a 30" "Grand Entry Lion" and appears to be a direct copy of MLO's 30" Lion (the "Infringing 30" Lion Statue"). Ex. H. The Infringing 30" Lion Statue is depicted below:



39.     As seen below, the Infringing 30" Lion Statue is nearly identical to MLO's 30"

Lion:

        

        **MLO's 30" Lion**

40.     Another item advertised on Defendant Continental's website as "Extra Large Lion"

appears to be a direct copy of MLO's 48" Lion (the "Infringing 48" Lion Statue").  Ex. H.  The

Infringing 48" Lion Statue is depicted below:



41.     As seen below, the Infringing 48" Lion Statue is nearly identical to MLO's 48"

Lion:

          

**Infringing 48" Lion Statue**                **MLO's 48" Lion**

-13-

42.     Another item advertised on Defendant Continental's website as "16" Oval Basket" appears to be a direct copy of MLO's Small Basket (the "Infringing Basket Statue"). True and correct copies of pictures of the Infringing Basket Statue, as advertised on Continental's website, are attached hereto as Exhibit I. The Infringing Basket Statue is depicted below:



43.     As seen below, the Infringing Basket Statue is nearly identical to MLO's Small Basket:





**Infringing Basket Statue**                     **MLO's Small Basket**

44.     Upon information and belief, Continental is engaged in the rampant copyright infringement of MLO's works and there are countless other works sold by Continental that infringe

-14-

MLO's copyrights.

45.     On information and belief, Continental was at all times well aware that reproduction, distribution, and display of a copyrighted work and the alteration or removal of CMI constitutes a violation of the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

46.     Upon information and belief, Defendant Continental, as an entity in the business of manufacturing and/or distributing visual art such as statuary works, is familiar with the copyright laws of the United States and knows that copyright law protects visual art.  Upon information and belief, Defendant Continental is aware that the protection of visual art afforded by the copyright laws of the United States precludes others from reproducing, distributing, and displaying copyrighted works without the authorization of the copyright owner.  For example, Continental's website contains a copyright notice to this effect.  A true and correct copy of the copyright notice on Continental's website is attached hereto as Exhibit J.

47.     Continental's copyright notice provides:

> All the works of art photographically illustrated in this catalog which are original works of art made by or for CONTINENTAL STUDIOS, INC are protected under the Copyright Laws of the United Stated and internationally under treat provisions of the Copyright Convention of which the United States is a member.
>
> Each of these works at art which are protected under the Copyright Laws are the sole and exclusive property of CONTINENTAL STUDIOS, INC and may not be reproduced in any form without the express written consent of CONTINENTAL STUDIOS, INC

Ex. J.

48.     Continental had full knowledge that it was infringing MLO's rights by reproducing, distributing, and displaying MLO's copyrighted works without authorization and removing MLO's CMI from MLO's Small Tortoise.

49.     Continental reproduced, distributed, and publicly displayed MLO's copyrighted works and intentionally and willfully removed the CMI from MLO's Small Tortoise in willful

disregard of the copyright laws of the United States.

## COUNT I – COPYRIGHT INFRINGEMENT OF MLO'S SMALL TORTOISE
## (AGAINST TJX COMPANIES, HOMEGOODS, AND CONTINENTAL)

50.     MLO repeats and incorporates the allegations contained in the preceding paragraphs.

51.     MLO is the sole owner of all right, title, and interest in and to the copyright in MLO's Small Tortoise and the pending application to register said copyright.

52.     Defendants are not and were not authorized to reproduce, distribute, display, or otherwise use MLO's Small Tortoise.

53.     Defendants have reproduced, distributed, publicly displayed, and otherwise used MLO's Small Tortoise by way of manufacturing and distributing the Infringing Tortoise Statue.

54.     Defendants' conduct has infringed MLO's rights in MLO's Small Tortoise.

55.     Upon information and belief, Defendant Continental, as an entity in the business of manufacturing and/or distributing visual art such as statuary works, is familiar with the copyright laws of the United States and knows that copyright law protects visual art.  Upon information and belief, Defendant Continental is aware that the protection of visual art afforded by the copyright laws of the United States precludes others from reproducing, distributing, and displaying copyrighted works without the authorization of the copyright owner.  Upon information and belief, with knowledge that it is unlawful to reproduce, distribute, and display visual art without the consent of the owner, Defendant Continental obtained a copy of MLO's Small Tortoise and slavishly duplicated it and/or cast a mold from it in order to create the Infringing Tortoise Statue.

56.     Defendants' actions were intentional and willful acts of copyright infringement.

57.     Upon information and belief, TJX Companies has the right and ability to supervise and control, and stands to gain a direct financial benefit from, HomeGoods' infringing activity as

described herein.

58.     MLO is entitled to recover actual damages and profits from Defendants' acts as herein alleged.

59.     By reason of Defendants aforesaid infringement of the rights in MLO's Small Tortoise, MLO has sustained substantial damages in that the consuming public is mistakenly attributing MLO's Small Tortoise to Defendants, depriving MLO of income it otherwise would have been able to receive from MLO's Small Tortoise and irreparably harming MLO's reputation.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM MLO'S SMALL TORTOISE (AGAINST CONTINENTAL)

60.     MLO repeats and incorporates the allegations contained in the preceding paragraphs.

61.     MLO is the sole owner of all right, title, and interest in and to the copyright in MLO's Small Tortoise.

62.     MLO placed CMI on MLO's Small Tortoise in order to protect its rights in MLO's Small Tortoise and protect the quality of its brand.

63.     Continental is not and was not authorized to alter or remove the CMI on MLO's Small Tortoise.

64.     Continental is not and was not authorized to reproduce, distribute, display, or otherwise use MLO's Small Tortoise.

65.     Continental has removed the CMI from MLO's Small Tortoise and reproduced, distributed, and publicly displayed MLO's Small Tortoise knowing that the CMI was removed without the authority of MLO.

66.     Continental's conduct has infringed MLO's rights in MLO's Small Tortoise.

-17-

67.     Upon information and belief, as an entity in the business of manufacturing and/or distributing visual art such as statuary works, Continental is familiar with the copyright laws of the United States and knows that copyright law protects visual art and CMI applied to visual art.  Upon information and belief, Continental is aware that the protection afforded by the copyright laws of the United States precludes others from altering or removing CMI without the authorization of the copyright owner, and from distributing copies of a work knowing that CMI has been altered or removed from that work.  Upon information and belief, with knowledge that it is unlawful to distribute copyrighted works when the CMI has been altered or removed without the consent of the owner, Continental obtained a copy of MLO's Small Tortoise, removed the CMI, and slavishly duplicated MLO's Small Tortoise and/or cast a mold from MLO's Small Tortoise in order to create the Infringing Tortoise Statue before distributing the Infringing Tortoise Statue.

68.     Continental's actions were intentional and willful violations of the copyright laws of the United States.

69.     MLO is entitled to recover actual damages and profits from Continental's acts as herein alleged.

70.     By reason of Defendants aforesaid infringement of the rights in MLO's Small Tortoise, MLO has sustained substantial damages in that the consuming public is mistakenly attributing MLO's Small Tortoise to Continental, depriving MLO of income it otherwise would have been able to receive from MLO's Small Tortoise and irreparably harming MLO's reputation.

71.     MLO is further entitled to recover from Continental the profits Continental have obtained as a result of its acts alleged herein.

72.     Alternatively, MLO is entitled to recover from Continental statutory damages.

73.     MLO is also entitled to receive attorneys' fees incurred to recovery for Continental's willful violations.

## COUNT III – COPYRIGHT INFRINGEMENT OF MLO'S 30" LION
## (AGAINST CONTINENTAL)

74.     MLO repeats and incorporates the allegations contained in the preceding paragraphs.

75.     MLO is the sole owner of all right, title, and interest in and to the copyright in MLO's 30" Lion and the federal registration of said copyright.

76.     Continental is not and was not authorized to reproduce, distribute, display, or otherwise use MLO's 30" Lion.

77.     Continental has reproduced, distributed, publicly displayed, and otherwise used MLO's 30" Lion by way of manufacturing and distributing the Infringing 30" Lion Statue.

78.     Continental's conduct has infringed MLO's rights in MLO's 30" Lion.

79.     Upon information and belief, Defendant Continental, as an entity in the business of manufacturing and/or distributing visual art such as statuary works, is familiar with the copyright laws of the United States and knows that copyright law protects visual art.  Upon information and belief, Defendant Continental is aware that the protection of visual art afforded by the copyright laws of the United States precludes others from reproducing, distributing, and displaying copyrighted works without the authorization of the copyright owner.  Upon information and belief, with knowledge that it is unlawful to reproduce, distribute, and display visual art without the consent of the owner, Defendant Continental obtained a copy of MLO's 30" Lion and slavishly duplicated it and/or cast a mold from it in order to create the Infringing 30" Lion Statue.

80.     Continental's actions were intentional and willful acts of copyright infringement.

81.     MLO is entitled to recover actual damages and profits from Continental's acts as

herein alleged.

82.     By reason of Continental's aforesaid infringement of the rights in MLO's 30" Lion, MLO has sustained substantial damages in that the consuming public is mistakenly attributing MLO's 30" Lion to Continental, depriving MLO of income it otherwise would have been able to receive from MLO's 30" Lion and irreparably harming MLO's reputation.

83.     MLO is further entitled to recover from Continental the profits Continental has obtained as a result of its acts alleged herein.

84.     Alternatively, MLO is entitled to recover from Continental statutory damages.

85.     MLO is also entitled to receive attorneys' fees incurred to recovery for Continental's willful violations.

## COUNT IV – COPYRIGHT INFRINGEMENT OF MLO'S 48" LION (AGAINST CONTINENTAL)

86.     MLO repeats and incorporates the allegations contained in the preceding paragraphs.

87.     MLO is the sole owner of all right, title, and interest in and to the copyright in MLO's 48" Lion and the federal registration of said copyright.

88.     Continental is not and was not authorized to reproduce, distribute, display, or otherwise use MLO's 48" Lion.

89.     Continental has reproduced, distributed, publicly displayed, and otherwise used MLO's 48" Lion by way of manufacturing and distributing the Infringing 48" Lion Statue.

90.     Continental's conduct has infringed MLO's rights in MLO's 48" Lion.

91.     Upon information and belief, Defendant Continental, as an entity in the business of manufacturing and/or distributing visual art such as statuary works, is familiar with the copyright laws of the United States and knows that copyright law protects visual art.  Upon information and

belief, Defendant Continental is aware that the protection of visual art afforded by the copyright laws of the United States precludes others from reproducing, distributing, and displaying copyrighted works without the authorization of the copyright owner. Upon information and belief, with knowledge that it is unlawful to reproduce, distribute, and display visual art without the consent of the owner, Defendant Continental obtained a copy of MLO's 48" Lion and slavishly duplicated it and/or cast a mold from it in order to create the Infringing 48" Lion Statue.

92. Continental's actions were intentional and willful acts of copyright infringement.

93. MLO is entitled to recover actual damages and profits from Continental's acts as herein alleged.

94. By reason of Continental's aforesaid infringement of the rights in MLO's 48" Lion, MLO has sustained substantial damages in that the consuming public is mistakenly attributing MLO's 48" Lion to Continental, depriving MLO of income it otherwise would have been able to receive from MLO's 48" Lion and irreparably harming MLO's reputation.

95. MLO is further entitled to recover from Continental the profits Continental has obtained as a result of its acts alleged herein.

96. Alternatively, MLO is entitled to recover from Continental statutory damages.

97. MLO is also entitled to receive attorneys' fees incurred to recovery for Continental's willful violations.

## COUNT V – COPYRIGHT INFRINGEMENT OF MLO'S SMALL BASKET (AGAINST CONTINENTAL)

98. MLO repeats and incorporates the allegations contained in the preceding paragraphs.

99. MLO is the sole owner of all right, title, and interest in and to the copyright in MLO's Small Basket and the federal registration of said copyright.

100.     Continental is not and was not authorized to reproduce, distribute, display, or otherwise use MLO's Small Basket.

101.     Continental has reproduced, distributed, publicly displayed, and otherwise used MLO's Small Basket by way of manufacturing and distributing the Infringing Basket Statue.

102.     Continental's conduct has infringed MLO's rights in MLO's Small Basket.

103.     Upon information and belief, Defendant Continental, as an entity in the business of manufacturing and/or distributing visual art such as statuary works, is familiar with the copyright laws of the United States and knows that copyright law protects visual art.  Upon information and belief, Defendant Continental is aware that the protection of visual art afforded by the copyright laws of the United States precludes others from reproducing, distributing, and displaying copyrighted works without the authorization of the copyright owner.  Upon information and belief, with knowledge that it is unlawful to reproduce, distribute, and display visual art without the consent of the owner, Defendant Continental obtained a copy of MLO's Small Basket and slavishly duplicated it and/or cast a mold from it in order to create the Infringing Basket Statue.

104.     Continental's actions were intentional and willful acts of copyright infringement.

105.     MLO is entitled to recover actual damages and profits from Continental's acts as herein alleged.

106.     By reason of Continental's aforesaid infringement of the rights in MLO's Small Basket, MLO has sustained substantial damages in that the consuming public is mistakenly attributing MLO's Small Basket to Continental, depriving MLO of income it otherwise would have been able to receive from MLO's Small Basket and irreparably harming MLO's reputation.

107.     MLO is further entitled to recover from Continental the profits Continental has obtained as a result of its acts alleged herein.

-22-

108. Alternatively, MLO is entitled to recover from Continental statutory damages.

109. MLO is also entitled to receive attorneys' fees incurred to recovery for Continental's willful violations.

## **RELIEF REQUESTED**

WHEREFORE, MLO prays for judgment against Defendant as follows:

A. For a temporary restraining order restraining Defendants and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies or derivatives of Plaintiff's Work;

B. For a preliminary injunction enjoining Defendants and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies or derivatives of Plaintiff's copyrighted works;

C. For a permanent injunction enjoining Defendants and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies or derivatives of Plaintiff's copyrighted works;

D. To order the impounding of all copies of the infringing articles described herein in the possession, custody, or control of Defendants;

E. For all damages to which Plaintiff is entitled, including actual damages and

profits of Defendants;

F.      Alternatively, at Plaintiff's election, for statutory damages in the maximum amount allowed by law;

G.      Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

H.      Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above;

I.      Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums;

J.      Awarding Plaintiff its reasonable costs and other expenses of litigation, including attorneys' fees; and

K.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable in this matter.

Dated: May 25, 2018

Respectfully submitted,

/s/ Barry F. Irwin, P.C.
Barry F. Irwin, P.C.
Jared E. Hedman
Adam J. Reis
**IRWIN IP LLC**
222 S. Riverside Plaza, Ste. 2350
Chicago, IL 60606

Telephone: 312-667-6080
Email: birwin@irwinip.com

*Attorneys for Plaintiff Massarelli's Lawn
Ornaments, Inc.*