**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MASSARELLI'S LAWN ORNAMENTS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONTINENTAL STUDIOS, INC., et al., )<br>)<br>Defendants. ) | No. 18-cv-03685<br><br>Judge Andrea R. Wood |
| MASSARELLI'S LAWN ORNAMENTS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONTINENTAL STUDIOS, INC., et al., )<br>)<br>Defendants. ) | No. 18-cv-06760<br><br>Judge Andrea R. Wood |

**MEMORANDUM OPINION AND ORDER**

Before the Court are motions for summary judgment in two related copyright infringement actions. Massarelli's Lawn Ornaments, Inc. ("MLO"), the plaintiff in both cases, manufactures and distributes garden products, including ornamental garden statues. In April 2018, an MLO representative purchased from a HomeGoods, Inc. ("HomeGoods") store a cement statue that looked very similar to MLO's own cement tortoise statue. TJX Companies, Inc. ("TJX"), the parent company of HomeGoods, informed MLO that HomeGoods had obtained the statue from Defendant Continental Studios, Inc. ("Continental"). MLO then saw two other garden statues on Continental's website that it believed also infringed upon its copyrighted statues—one of a lion and one of a basket. Accordingly, in May 2018, MLO filed suit against TJX, HomeGoods, and

Continental pursuant to 17 U.S.C. §§ 101–1401, asserting claims for copyright infringement and removal of copyright management information. (*Massarelli's Lawn Ornaments, Inc. v. TJX Companies, Inc. ("Massarelli's I")*, No 18-cv-03685 (N.D. Ill. May 25, 2018), Dkt. No. 1.) In October 2018, after securing a federal copyright registration for its tortoise statue, MLO filed a second suit asserting the same causes of action with respect to the tortoise statue only. (*Massarelli's Lawn Ornaments, Inc. v. TJX Companies, Inc. ("Massarelli's II")*, No. 18-cv-06760 (N.D. Ill. Oct. 5, 2018), Dkt. No. 1.) Defendant Renato Motroni, the President and General Manager of Continental, was later added to both suits, and artist Dante DiBartolo was added as a defendant in *Massarelli's I*. (Second Am. Compl. ("SAC"), *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. Feb. 27, 2019), Dkt. No. 100; First Am. Compl., *Massarelli's II*, No. 18-cv-06760 (N.D. Ill. Feb. 27, 2019), Dkt. No. 32.) MLO has settled all claims against TJX, HomeGoods, and DiBartolo. Thus, Continental and Motroni are the only remaining Defendants. Now before the Court are Defendants Continental and Motroni's motions for summary judgment as to MLO's copyright infringement claims in both cases. (*Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 1, 2019), Dkt. No. 121; *Massarelli's II*, No. 18-cv-06760 (N.D. Ill. July 1, 2019), Dkt. No. 46.) For the reasons stated below, Defendants' motions are denied.

## BACKGROUND

Because Defendants have moved for summary judgment, the Court recounts the facts below in the light most favorable to MLO as the nonmoving party. *See Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016). Due to the factual overlap between *Massarelli's I* and *Massarelli's II*, Defendants and MLO each submitted one statement of material facts applicable to both cases. (*See* Defs.' Statement of Material Facts Pursuant to Local Rule 56.1 ("DSOMF"), *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 1, 2019), Dkt. No. 122; Pl.'s Resp. to DSOMF and Pl.'s

2

Statement of Additional Facts ("PSAF"), *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 30, 2019), Dkt. No. 131.) Except where otherwise noted below, the facts are not in dispute.

MLO owns copyrights for the following cement garden statues: (1) an eight-inch small tortoise ("Copyrighted Tortoise"); (2) a 48-inch "grandessa" sitting lion ("Copyrighted Lion"); and (3) a small-handled basket ("Copyrighted Basket"). (Defs.' Resp. to PSAF ("DRPSAF") ¶ 6, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. Aug. 20, 2019), Dkt. No. 134 (citing Christine L. Massarelli Decl. in Supp. of Pl.'s Prelim. Resp. to Defs.' Mot. for Summ. J. ("Massarelli Decl.") ¶ 9, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 11, 2019), Dkt. No. 127).)[1] After an MLO representative purchased a sculpture from HomeGoods on April 21, 2018 that the representative believed to be a copy of MLO's Copyrighted Tortoise, HomeGoods's counsel advised that Continental produced the item. (DRPSAF ¶ 11.) MLO then reviewed Continental's website and saw other items advertised that appeared to be replicas of its Copyrighted Lion and Copyrighted Basket. (Massarelli Decl. ¶ 20.) MLO has never authorized Continental to produce copies of its copyrighted items. (*Id.* ¶ 21.)

---

[1] Defendants dispute this statement as "not factually consistent with the Declaration of Christine Massarelli at ¶ 9." (DRPSAF ¶ 6.) But the Court is required to construe disputed facts in MLO's favor at this stage. *See Hernandez*, 814 F.3d at 840. And in any case, the Court also notes that it does not find MLO's statement inconsistent with Massarelli's declaration.

I. **Copyrighted Tortoise**

According to a TJX executive, Continental offered to sell HomeGoods a supply of its turtle sculptures, identified by style number 86166 ("Style 86166") and advertised with the picture below:



(Adam J. Reis Decl. in Supp. of Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Reis Decl.") Ex. 10, Jennifer A. Peoples Decl. ("Peoples Decl.") ¶ 4, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 30, 2019), Dkt. No. 132-10; Reis Decl. Ex. 10, Peoples Decl. at 21.)[2] Around March 2018,

---

[2] Defendants object to MLO's reliance on the Declarations of Adam J. Reis, (*Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 11, 2019), Dkt. No. 128; *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 30, 2019), Dkt. No. 132), and the Declaration of Jared E. Hedman, (*Massarelli's I*, No. 18-cv-03685 (N.D. Ill. June 27, 2018), Dkt. No. 23), under Federal Rule of Civil Procedure 56(c)(2). That Rule allows a party to object to any facts presented in connection with a summary judgment motion in a form that would not be admissible at trial. Fed. R. Civ. P. 56(c)(2). Defendants argue that the Court must strike any facts MLO supports with Reis's and Hedman's declarations because they are MLO's attorneys in these cases. "[W]here evidence is easily available from other sources and absent extraordinary circumstances or compelling reasons, an attorney who participates in the case should not serve as a witness." *Estremera v. United States*, 442 F.3d 580, 584–85 (7th Cir. 2006) (internal quotation marks and citations omitted). In *Estremera*, the Seventh Circuit disregarded affidavits submitted by the plaintiff's attorney at the summary judgment stage because, instead, her "attorney could have introduced into the record the documents he relied on in his affidavit, and he could have obtained affidavits from the witnesses he interviewed in creating his own affidavit." *Id.* at 585. Here, MLO's attorneys have supported their declarations with such documents. Accordingly, the Court will not rely on the statements of MLO's attorneys for the purposes of

HomeGoods ordered 55 Style 86166 turtles from Continental but received only 54 units. (Reis Decl. Ex. 10, Peoples Decl. ¶¶ 6–7.) Consistent with its typical practice, HomeGoods then assigned its own six-digit numeric sequence, or style number, of 130271 ("Style 130271") to the units it received. (*Id.* ¶ 8.) HomeGoods's distribution center sent Continental's shipment of goods to select stores without removing the statues to confirm that they all conformed with Style 86166. (*Id.* ¶ 10.)

On May 21, 2018, MLO attorneys reached out to TJX and HomeGoods about the infringing sculpture its representative had purchased on April 21, 2018. (*Id.* ¶ 12.) That sculpture had a price sticker marking it as Style 130271, as shown in the photograph below:



(Compl. Ex. E, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. May 25, 2018), Dkt. No. 1-5; Reis Decl. Ex. 10, Peoples Decl. ¶ 9.) In light of the alleged copyright infringement, TJX sent instructions to HomeGoods stores directing employees to remove all Style 130271 items from

---

these motions. But it will not disregard other materials that comply with Rule 56(c) merely because MLO filed them as exhibits to its attorneys' declarations.

their sales floors and send them to TJX's legal department. (Reis Decl. Ex. 10, Peoples Decl. ¶¶ 12–13.) TJX's instructions also included a picture of the sculpture the MLO representative had purchased on April 21 for reference. (*Id.*) In response to those instructions, TJX's legal department received eighteen cement statues, only four of which were tagged as Style 130271. (*Id.* ¶ 17.) Of those four Style 130271 statues, three depicted turtles and one depicted a frog. (*Id.*) None of the eighteen statues that TJX collected matched Continental's advertised Style 86166 turtle or the pictures of the infringing statue MLO had provided. (*Id.* ¶¶ 15–17.) HomeGoods records show that all 54 units it labeled Style 130271 were sold or marked "out-of-stock"—a term HomeGoods uses for damaged goods—and that no Style 130271 statues were returned. (*Id.* ¶ 19.)

MLO has put forward the following photograph of its own Copyrighted Tortoise:



(DRPSAF ¶ 10 (citing Massarelli Decl. Ex. A, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 11, 2019), Dkt. No. 127-1).) MLO also confirmed that the photograph below shows the tortoise statue an MLO representative purchased from HomeGoods on April 21, 2018:

6



(*Id.* (citing Massarelli Decl. Ex. D, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 11, 2019), Dkt. No. 127-4).) In the pictures provided, the statues appear to be different colors. But apart from the colors, the only substantial difference between the two statues appears to be the absence of the engraving "2369 © M.L.O. 2012" from the statue purchased at HomeGoods on April 21:



(*Compare* Massarelli Decl. Ex. A, *with* Massarelli Decl. Ex. D.)[3]

---

[3] Defendants dispute that Massarelli, the Vice President of MLO, has sufficient personal knowledge to authenticate any of these photographs. (DRPSAF ¶ 10.) Massarelli's declaration states under penalty of

7

## II.     Copyrighted Lion

Continental hired DiBartolo to make its lion statue. (Pl.'s Resp. to DSOMF ("PRDSOMF") ¶ 25, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 30, 2019), Dkt. No. 131.) MLO and Defendants dispute the extent to which DiBartolo created the statue and the samples he used in doing so. (*Id.*) But as MLO points out, DiBartolo testified that Motroni gave him MLO's Copyrighted Lion and directed him "to basically sculpt over it to make changes so that [he] could use it as one of his lions." (DRPSAF ¶ 40 (quoting Reis Decl. Ex. 14, Dep. of Dante DiBartolo ("DiBartolo Dep.") at 18:10–15, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 30, 2019), Dkt. No. 132-14).) DiBartolo covered up the base of the MLO lion and added plaster to certain parts of the lion. (*Id.* ¶ 39 (quoting Reis Decl. Ex. 14, DiBartolo Dep. at 33:4–12).)[4]

---

perjury that she has sufficient personal knowledge to authenticate all her statements (Massarelli Decl. ¶ 1), and Defendants have not offered any evidence to rebut this assertion. Accordingly, the Court will not disregard Massarelli's authentication.

[4] Defendants dispute that this "fully and accurately represents the testimony of DiBartolo." (DRPSAF ¶ 39.) They also point to contradicting facts included in Motroni's deposition testimony. (*Id.* (citing DSOMF Ex. M., Dep. of Randy Motroni at 35, 38:10, 41–43, 55:10–19, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 1, 2019), Dkt. No. 122-13).) Defendants describe DiBartolo's creative process very differently, claiming that he looked at photographs of lions and Google images for inspiration and made a cast for the statue out of plaster. (PRDSOMF ¶¶ 41–61.) At this stage, the Court accepts the version of the facts most favorable to MLO as the nonmoving party.

Below are photographs of the Copyrighted Lion next to Continental's lion statue:



(*Compare* Massarelli Decl. Ex. B., *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 11, 2019), Dkt. No. 127-2, *with* Agreed Stipulation and Proposed Order Ex. 1, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. Feb. 26, 2019), Dkt. No. 98-1.)

### III. Copyrighted Basket

The following photographs show MLO's Copyrighted Basket and, to the right, the basket sculpture advertised on Continental's website:

 

(*Compare* Massarelli Decl. Ex. C., *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 11, 2019), Dkt. No. 127-3, *with* SAC Ex. K, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. Feb. 27, 2019), Dkt. No. 100-11.) Motroni claims that he purchased the baskets second-hand from a man named Guy Seifert, who then worked for Desert Flower Wholesale but has since passed away. (PRDSOMF ¶¶ 37–38.) MLO disputes that assertion. (*Id.*) Motroni testified that he does not know where Seifert acquired the baskets. (DRPSAF ¶ 28.) MLO points out that while Motroni has submitted an invoice to corroborate the purchase, it is hand-written and refers only to "baskets." (PRDSOMF ¶ 39; *see also* DSOMF Ex. O., *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 1, 2019), Dkt. No. 122-15.) MLO has never sold or shipped any products to Seifert or Desert Flower. (DRPSAF ¶ 33; Massarelli Decl. ¶¶ 22–24.)

## DISCUSSION

Summary judgment is appropriate "if the evidence establishes that there are no genuine issues of material fact, leaving the moving parties entitled to judgment as a matter of law." *Stokes*

*v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010). "A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented." *Id.* To defeat a summary judgment motion, an opposing party must set forth specific facts showing there is a genuine factual issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, the Court may not consider the weight of the evidence or the credibility of particular witnesses. *Stokes*, 599 F.3d at 619. Instead, it must view all evidence in the light most favorable to the nonmoving party. *Id.*

To show copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original" by the defendant. *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). Copyright protection begins at the moment of creation of the original work. *Id.* A certificate of copyright serves as *prima facie* evidence that a party owns a valid copyright. *Id.* at 914–15 (citing 17 U.S.C. § 410(c)). The second element, copying, may be proven by direct evidence or, where that is absent, "copying may be inferred 'where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work.'" *Id.* at 915 (quoting *Susan Wakeen Doll Co., Inc. V. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001)). If the two works are so similar that the later work is highly likely to be a copy, copying may be inferred even if the plaintiff does not prove that the defendant had access to its work. *Id.* The defendant may rebut the inference of copying by showing that it created the work either independently or based off something other than the copyrighted work. *Id.*

Defendants do not challenge that MLO has sufficiently proven the first element of its copyright claims, since it owns valid copyrights for all three statues. (DRPSAF ¶ 6 (citing

11

Massarelli Decl. ¶ 9).) As to the second element, the Court finds that the statues MLO accuses Continental of producing are similar enough to MLO's copyrighted works that they are highly likely to be copies. But Defendants argue that as to that element, MLO has failed to create a genuine issue of fact as to whether Continental was the supplier of the tortoise sculpture that the MLO representative bought at HomeGoods on April 21, 2018. Defendants also argue that MLO has failed to produce genuine issues of fact disputing its two affirmative defenses: (1) that DiBartolo created Continental's lion sculpture independently, and thus, Continental's sculpture does not infringe on the Copyrighted Lion; and (2) that Defendants are protected by the first-sale doctrine as to the Copyrighted Baskets because Continental purchased its basket statues secondhand. Because MLO has demonstrated genuine disputes that Continental supplied the tortoise sculpture to HomeGoods and that Defendants' affirmative defenses do not apply, the Court finds that summary judgment in Defendants' favor is not appropriate.

### I. Copyrighted Tortoise

Defendants argue that they are entitled to summary judgment as to the Copyrighted Tortoise because MLO has not presented any credible evidence that Continental supplied HomeGoods the relevant tortoise sculpture. In support of their position, Defendants point to Motroni's testimony that Continental has "never made this turtle. Never. We've never bought it from a company with the intent to distribute it." (DSOMF Ex. M., Dep. of Randy Motroni ("Motroni Dep.") at 73:15–17, *Massarelli's I*, No. 18-cv-03685 (N.D. Ill. July 1, 2019), Dkt. No. 122-13). They also point out that HomeGoods ordered Continental's Style 86166 turtle statues based off a picture that does not look similar to MLO's Copyrighted Tortoise. And when TXJ ordered all HomeGoods stores to remove all Style 130271 sculptures, none of the items the legal department received in response looked like the Copyrighted Tortoise.

12

But as MLO emphasizes, none of the statues TJX collected looks like Continental's advertised Style 86166 either—one statue was actually of a frog, rather than a turtle. TJX also explains that its HomeGoods stores do not check merchandise to confirm that it appears as advertised before distributing it to its sales floors. These facts credibly suggest that when HomeGoods ordered 55 units of the Style 86166 turtle from Continental, Continental may have shipped back at least some goods that varied from its photograph of Style 86166. Finally, on April 21, 2018, an MLO representative purchased a sculpture that looks nearly identical to its Copyrighted Tortoise, labeled as Style 130271, a number HomeGoods identified with Continental's shipment. MLO's facts are sufficient at least to create a genuine issue as to whether Continental sold HomeGoods the statue that infringes upon MLO's Copyrighted Tortoise. Accordingly, Defendants' motions for summary judgment must be denied as to the tortoise sculpture.

## II.  Copyrighted Lion

Defendants argue that their hired artist, DiBartolo, independently created Continental's lion statue, and therefore, its statue does not infringe on MLO's Copyrighted Lion. *See JCW Invs., Inc.*, 482 F.3d at 915 ("If the inference of copying is drawn from proof of access and substantial similarity, it can be rebutted if the alleged copier can show that she instead 'independently created' the allegedly infringing work." (quoting *Susan Wakeen Doll Co.*, 272 F.3d at 450)). "A defendant independently created a work if it created its own work without copying anything or if it copied something other than the plaintiff's copyrighted work." *Id.* In support of their independent creation argument, Defendants point to sections of Motroni's deposition testimony where he asserts that he did not give DiBartolo specific directions about how to create the statue. (*See* DSOMF Ex. M., Motroni Dep. at 55:7–19.) DiBartolo also testified that he looked at

13

photographs of lions on Google as inspiration for Continental's statue, (*see* Reis Decl. Ex. 14, DiBartolo Dep. at 25:9–24), and that he made the statue out of plaster. (*See id.* 29:15–30:4 ("[T]he original one was made out of concrete, so I couldn't carve into it. And we made a new casting out of plaster which I made further changes to.").)

To rebut Defendants' assertion of independent creation, MLO has offered DiBartolo's deposition testimony stating that, at Motroni's direction, he relied on MLO's Copyrighted Lion to create Continental's sculpture. (*Id.* 18:10–15.) Additionally, DiBartolo testified that while he made Continental's statue out of plaster, it was a plaster casting of the Copyrighted Lion, to which he then made certain modifications with clay. (*Id.* 29:15–30:4, 33:2–12.) MLO's evidence is more than sufficient to raise a genuine question of fact as to whether DiBartolo copied MLO's Copyrighted Lion or created Continental's statue independently. Thus, Defendants are not entitled to summary judgment as to the lion sculpture.

### III.     **Copyrighted Basket**

Defendants argue that they are entitled to summary judgment as to the Copyrighted Basket based on the first-sale doctrine of copyright infringement. "[T]he first-sale defense provides that 'once a given copy has been sold its owner may do with it as he pleases (provided that he does not create another copy or a derivative work).'" *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Vincent v. City Colls. of Chi.*, 485 F.3d 919, 923 (7th Cir. 2007)). For instance, the first-sale doctrine would apply here if Defendants purchased their basket sculptures from Seifert and Desert Flower Wholesale, which in turn purchased those sculptures legally from MLO. The party asserting the first-sale defense bears the burden of showing that each relevant copy was produced legally. *Id.* at 763–64.

MLO has submitted evidence that Continental advertised basket sculptures on its website that appear nearly identical to MLO's Copyrighted Basket. Accordingly, under the first-sale doctrine, Defendants bear the burden of proving that they acquired a lawfully created copy of MLO's copyrighted item. Moreover, to succeed at the summary judgment stage, Defendants would need to show that there is no genuine factual dispute that they acquired a lawful copy of the Copyrighted Basket. Defendants fall far short of that burden. First, Motroni testified that he acquired Continental's baskets from Seifert and Desert Flower Wholesale. But MLO disputes that assertion with a sworn affidavit stating that it has never sold its Copyrighted Basket to Seifert or Desert Flower Wholesale. Second, Defendants present no evidence that Seifert or Desert Flower Wholesale's copies were legal, such that the first-sale defense would apply to Continental. Therefore, a genuine dispute clearly remains as to whether Defendants infringed on MLO's Copyrighted Basket, and Defendants are not entitled to summary judgment.

## CONCLUSION

For the reasons described above, the Court denies Defendants' motions for summary judgment in both cases.

ENTERED:

Dated: September 30, 2020

_____

Andrea R. Wood
United States District Judge